UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REYES BRITO RODRIGUEZ, Individually and
as Administrator Ad Prosequendum
and General Administrator of the Estates of
    ONDINA CASTRO DE LA CRUZ,
    MAYELIN BRITO CASTRO,

MARIA BRITO CASTRO, Individually and
as Guardian ad Litem for
    VICMARI ELLEN ANDUJAR BRITO,
    VICMARI TRINITY ANDUJAR BRITO,
    MICKEYLA YEUDELINA BRITO,

JEREMY WILMER ARNAUD, and

ROBINSON HERNANDEZ,[1]
Administrator Ad Prosequendum and
General Administrator of the Estate of
    KYRA HERNANDEZ,

                  Plaintiffs,

21-CV-1187S(Sr)

v.

RICHARD D. SAWICKI,

PATRICIA SAWICKI,

DANIEL SAWICKI,

JOSEPH F CASEY,

MICHAEL L COLE,

BAILLIE SCHWAB, and

7-11, INC., et al.,

                  Defendants.

---

[1] Robinson Hernandez commenced a separate action which was consolidated with this action on September 14, 2022. 21-CV-1235 at Dkt. #23.

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions and leave for infant settlements. Dkt. #68.

At approximately 6:30 am on May 26, 2019, Richard Sawicki was operating a motor vehicle which failed to stop at the intersection of Route 20A and Maxon Road in Sheldon, New York, striking a vehicle operated by Mayelin Brito Castro carrying 8 passengers, causing the death of three occupants and serious personal injury to other occupants of the vehicle. The relationship of the occupants of the vehicle is as follows: Reyes Brito Rodriguez was married to Ondina Castro DeLa Cruz and is the father of Mayelin Brito Castro and grandfather to her children, Jeremy Wilmer Arnaud and Kyra Hernandez, as well as father to Maria Bistro Castro and grandfather to her children, Mickeyla Yeudelina Brito, Vicmari Ellen Adnujar Brito and Vicmari Trinity Andujar Brito.

Richard Sawicki's blood alcohol content was subsequently determined to be 0.157; he had purchased alcohol underage using fake identification at 7-11 prior to the accident, which he drank at a house party in Attica, New York. Dkt. #75, ¶ ¶ 4.& 6. He is currently serving a 6-20 year sentence of incarceration for aggravated vehicular homicide. https://nysdoccslookup.ny.gov. Allstate Insurance Company, the insurer of the vehicle driven by Richard Sawicki, has tendered $1,500,000, the limits of all available coverage, in settlement of all claims on behalf of the occupants of the vehicle against Patricia Sawicki, Daniel Sawicki and Richard Sawicki. Dkt. #75, ¶ 6.

With the exception of Kyra Hernandez, who is represented by Kevin Walsh, Esq., plaintiffs are represented by James DeNorscia, Esq. Dkt. #75, ¶ 1. Attorney DeNorscia affirms that the damages suffered by the plaintiffs exceed the policy limits, necessitating apportionment of the policy among the injured plaintiffs. Dkt. #75, ¶ 13. Attorney DiNorscia further affirms that the parties have agreed to apportion the proceeds of the policy as set forth below, and seeks permission to compromise the claims of minors Mickeyla Yeudelina Brito, Vicmari Ellen Andujar Brito, and Vicmar Trinity Andujar Brito in accordance with such apportionment. Dkt. #75. Attorney Walsh joins the request for approval of the infant settlements with approval of Robinson Hernandez, the administrator of the estate of Kyra Hernandez, and father of Kyra Hernandez. Dkt. #76, ¶ 6. Attorney Walsh affirms that he has discussed the proposed settlement with Kyra's father, Robinson Hernandez, who agrees to settle this claim. Dkt. #76.

Vicmari Ellen Andujar Brito

Vicmari Ellen Andujar Brito, age 4 at the time of the accident, was transported to Oshei Children's Hospital where she was treated until June 6, 2019 for acute head trauma and respiratory failure which caused profound and permanent deficits that render her unable to walk, talk, feed or otherwise care for herself independently. Dkt. #75, ¶ 7 & Dkt. #75, pp.54-83 & Dkt. #75, p.383, ¶ 10. The parties propose to apportion $600,000 to a special needs trust which has been formed on the minor's behalf by Thomas Begley, Esq. Dkt. #75, ¶ 18 & pp.284 & 304. A lien for medical expenses totaling $727,210.44 can be satisfied for $30,324. Dkt. #75, ¶ 21 & p.357. When $9,483.66 in costs and a 25% contingent attorney fee are accounted for,

Vicmari Ellen Andujar Brito will receive $442,887.26 minus the amount negotiated in satisfaction of the outstanding lien. Dkt. #75, p.371.

### Mayelin Brito Castro

Mayelin Brito Castro died at the scene of the accident at the age of 32. Dkt. #75, ¶ 17. The parties propose to apportion $150,000 of the insurance policy to the Estate of Mayelin Brito Castro. Dkt. #75, ¶ 20.

### Ondina Castro-De La Cruz

Ondina Castro-De La Cruz died at the scene of the accident at the age of 47. Dkt. #75, ¶ 16.  The parties propose to apportion $150,000 of the insurance policy to the Estate of Ondina Castro-De La Cruz.  Dkt. #75, ¶ 20.

### Mickeyla Yeudelina Brito,

Mickeyla Yeudelina Brito, age 9 at the time of the accident, was transported to Oshei Children's Hospital where she was treated until May 28, 2019 for a scalp laceration and closed fracture or her right mandible and fractures of her pelvis and tibia. Dkt. #75, ¶ 10 & Dkt. #75, pp.151-205. Plaintiff continued treatment at home with Dr. David Weissman and was evaluated by Dr. Herrera on July 17, 2021 and February 1, 2023. Dkt. #75, ¶¶ 10-12 & Dkt. #75, pp.207-219. Dr. Herrera observed full range of motion of hips bilaterally and no pain on compression of pelvis, but noted an internal rotation of plaintiff's right foot when walking. Dkt. #75, p.223, ¶¶ 10-11. Dr. Herrera opined that she may experience pelvic pain and difficulty running as a result of her injuries. Dkt. #75, ¶ 13. Maria Brito Castro affirms that although her left foot is not

entirely straight, Mickeyla Yeudelina Brito does not complain of pain or demonstrate any difficulty walking or running and participates in gym at school without limitation. Dkt. #75, ¶ 9. The parties propose to apportion $125,000 of the insurance policy to Mickeyla Yeudelina Brito, with the proceeds held by the Surrogate of Union County until she reaches the age of 18. Dkt. #75, ¶ 19. There is a lien of $1,196.38 to be satisfied from these proceeds. Dkt. #75, ¶ 22. When $2,559.72 in costs and a 25% contingent attorney fee are accounted for, Mickeyla Yeudelina Brito will receive $90,633.86 minus the outstanding lien. Dkt. #75, p.377.

### Kyra Hernandez

Kyra Hernandez, age 4 at the time of the accident, was seriously injured and died from her injuries on May 26, 2019. Dkt. #76, ¶ 5 & 21-CV-1235 at Dkt. #1, ¶ 15. The parties propose to apportion $100,000 of the insurance policy to the Estate of Kyra Hernandez. Dkt. #75, ¶ 18.

### Maria Brito Castro

Maria Brito Castro, age 26 at the time of the accident, was transported to Erie County Medical Center where she was treated until May 27, 2019 for an upper arm fracture, multiple rib fractures and lacerated liver. Dkt. #75, ¶ 14 & Dkt. #75, pp.121-145 & 226-260. The parties propose to apportion $100,000 of the insurance policy to Maria Brito Castro. Dkt. #75, ¶ 20.

As the sole living parent and custodian of Mickeyla Yeudelina Brito, Vicmari Ellen Andujar Brito and Vicmar Trinity Andujar Brito, Maria Brito Castro affirms

that she has discussed the proposed settlements with counsel, understands the terms of the proposed settlements, including the reimbursement of costs and payment of attorney's fees, and believes they are in the best interest of her children. Dkt. #75, p.383, ¶¶ 12-13. Maria Brito Castro specifically acknowledges that she cannot access the settlement proceeds for Vicmar Trinity Andujar Brito and Mickeyla Yeudelina Brito or use them for their care absent demonstration of extraordinary circumstances and compelling need to the Union County Surrogate. Dkt. #75, ¶ 13.

### Reyes Brito

Reyes Brito, age 54 at the time of the accident, suffered two rib fractures and a fractured nose in the accident. Dkt. #75, ¶ 18. The parties propose to apportion $100,000 of the insurance policy to Reyes Brito. Dkt. #75, ¶ 20.

### Vicmari Trinity Andujar Brito

Vicmar Trinity Andujar Brito, age 4 at the time of the accident, was transported to Oshei Children's Hospital where she was treated until May 28, 2019 for facial trauma and fractures of the right clavicle and humerus. Dkt. #75, ¶ 8 & Dkt. #75, pp.85-119. Dr. Diego Herrera evaluated Vicmar Trinity Andujar Brito on July 17, 2021 and February 1, 2023, observing good range of motion in her shoulders and elbows and no visible scars on her face, lip or elbow. Dkt. #75, p.147, ¶¶ 9-11. Maria Brito Castro affirms that she has not observed any deficits with respect to her daughter's ability to engage in physical activities or personal care. Dkt. #75, ¶ 7. The parties propose to apportion $100,000 of the insurance policy to Vicmar Trinity Andujar Brito, with the proceeds held by the Surrogate of Union County until she reaches the age of 18. Dkt.

6

#75, ¶ 19. There is a lien of $693.58 to be satisfied from these proceeds. Dkt. #75, ¶ 23. When $2,059.95 in costs and a 25% contingent attorney fee are accounted for, Vicmar Trinity Andujar Brito will receive $73, 455.04 minus the outstanding lien. Dkt. #75, p.374.

### Jeremy Arnaud

Jeremy Arnaud, age 14 at the time of the accident, attempted to revive his mother, Mayelin Brito Castro, at the scene of the accident before he was transported to Oshei Children's Hospital where he was treated until May 28, 2019 for multiple contusions. Dkt. #75, ¶ 15 & Dkt. #75, pp.262-282. The parties propose to apportion $75,000 of the insurance policy to Jeremy Arnaud, who is now an adult. Dkt. #75, ¶ 20.

In conformance with Rule 41(a) of the Federal Rules of Civil Procedure, Local Rule 41(a)(1)(A) provides that

> An action by or on behalf of an infant shall not be settled or compromised, voluntarily discontinued, dismissed, or terminated without application to and leave of Court. The proceeding upon application to settle or compromise such an action shall conform, as nearly as possible, to Sections 1207 and 1208 of New York's Civil Practice Law and Rules. The Judge may, for cause shown, dispense with any New York State requirement.

Section 1207 of New York's Civil Practice Law and Rules ("NYCPLR"), provides that the Court may order settlement of any action commenced on behalf of an infant upon motion of a parent with legal custody of the infant or guardian ad litem of an infant. NYCPLR § 1208(a) requires an affidavit from the infant's representative including, *inter alia*, the circumstances giving rise to the action; the nature and extent of damages sustained by the infant; the terms of the proposed settlement; reimbursement of

7

expenses from other sources; and any claims alleged by other family members injured by the same occurrence. NYCPLR § 1208(b) requires an affidavit from the infant's attorney setting forth, *inter alia*, the services rendered by the attorney and the attorney's reasons for recommending the settlement and any involvement of the attorney with any other party claiming damages from the same occurrence or any party adverse to the infant. Where, as here, the action alleges personal injury, NYCPLR § 1208 requires inclusion of medical records. The statute presumes a hearing before the court attended by the moving party, infant and attorney, which may be excused for good cause. NYCPLR § 1208(d). However, Local Rule 41(a)(1)(B) specifies that

> The Judge shall determine whether the application requires
> a hearing and whether the infant or incompetent, together
> with their legal representative, must appear at the hearing.

In light of the fact that Maria Brito Castro and her children reside in New Jersey and given the age of the children and the nature of the injuries sustained, particularly with respect to Vicmari Ellen Andujar Brito, the Court finds good cause to excuse a hearing with respect to this proposed settlement. Upon review of the affirmation of Attorney DiNorscia and Maria Brito Castro and upon consideration of the relevant circumstances, as revealed through the affirmations, accident report and medical records, the Court is satisfied that the proposed apportionment of the insurance proceeds available from Allstate Insurance Company, the insurer of the vehicle driven by Richard Sawicki, in settlement of all claims on behalf of the occupants of the vehicle against Patricia Sawicki, Daniel Sawicki and Richard Sawicki, is fair, reasonable and in the best interests of the infants. Accordingly, it is recommended that Maria Brito Castro be authorized to settle and compromise the claims of her infant children against Patricia

Sawicki, Daniel Sawicki and Richard Sawicki and that the proceeds of such settlement be distributed as follows:

| | |
|---|---:|
| **Vicmari Ellen Andujar Brito** | **$600,000.00** |
| Disbursements | $9,483.66 |
| 25% Contingent Attorneys' Fee | $147,629.08 |
| Repayment of Medical Lien | $ 30,324.68 |
| Special Needs Trust | $412,562.58 |
| | |
| **Mickeyla Yeudelina Brito** | **$125,000.00** |
| Disbursements | $2,559.72 |
| 25% Contingent Attorneys' Fee | $30,610.07 |
| Repayment of Medical Lien | $1,196.35 |
| Union County Surrogate (until infant reaches 18 years of age or upon further order of the Court) | $90,633.86 |
| | |
| **Vicmari Trinity Andujar Brito** | **$100,000.00** |
| Disbursements | $2,059.95 |
| 25% Contingent Attorneys' Fee | $24,485.01 |
| Repayment of Medical Lien | $693.58 |
| Union County Surrogate (until infant reaches 18 years of age or upon further otder of the Court) | $72,761.46 |

In conformance with Rule 41(a) of the Federal Rules of Civil Procedure, Local Rule 41(a)(2) provides, *inter alia*, that

> (A) Actions brought on behalf of decedents' estates shall not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without application to and leave of Court. The application to settle or compromise shall include a signed affidavit or petition by the estate representative and a signed affidavit by the representative's attorney addressing the following:
>
> (i)   the circumstances giving rise to the claim;
>
> (ii)  the nature and extent of the damages;
>
> (iii)  the terms of the proposed settlement, including the attorney's fees and disbursements to be paid out of the settlement;
>
> (iv) the circumstances of any other claims or settlements arising out of the same occurrence; and
>
> (v)  the reasons why the proposed settlement is believed to be in the best interests of the estate and distributees.

In as much as Attorney Walsh's affidavit fails to address attorney's fees and disbursements to be paid out of the proposed settlement and given the absence of an affidavit from Robinson Hernandez, or any documentation establishing him as the administrator of the estate of Kyra Hernandez, or identifying the distributees of such estate, the Court cannot recommend approval of the proposed settlement on behalf of the estate of Kyra Hernandez. Furthermore, the Court notes that it has not received any application for leave of Court to compromise the claims of Ondina Castro DeLa Cruz or Mayelin Brito Castro as required by Local Rule 41(a)(2)(A).

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to

11

comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         December 15, 2023

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**