UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REYES BRITO RODRIGUEZ, Individually and
as Administrator Ad Prosequendum
and General Administrator of the Estates of
    ONDINA CASTRO DE LA CRUZ,
    MAYELIN BRITO CASTRO,

MARIA BRITO CASTRO, Individually and
as Guardian ad Litem for
    VICMARI ELLEN ANDUJAR BRITO,
    VICMARI TRINITY ANDUJAR BRITO,
    MICKEYLA YEUDELINA BRITO,

JEREMY WILMER ARNAUD, and

ROBINSON HERNANDEZ,[1]
Administrator Ad Prosequendum and
General Administrator of the Estate of
    KYRA HERNANDEZ,

              Plaintiffs,

21-CV-1187S(Sr)

v.

RICHARD D. SAWICKI,

PATRICIA SAWICKI,

DANIEL SAWICKI,

JOSEPH F CASEY,

MICHAEL L COLE,

BAILLIE SCHWAB, and

7-11, INC., et al.,

              Defendants.

---

[1] Robinson Hernandez commenced a separate action which was consolidated with this action on September 14, 2022. 21-CV-1235 at Dkt. #23.

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions and leave for infant settlements. Dkt. #68.

At approximately 6:30 am on May 26, 2019, Richard Sawicki was operating a motor vehicle which failed to stop at the intersection of Route 20A and Maxon Road in Sheldon, New York, striking a vehicle operated by Mayelin Brito Castro carrying 8 passengers, causing the death of three occupants and serious personal injury to other occupants of the vehicle. Richard Sawicki's blood alcohol content was determined to be 0.157; he had purchased alcohol underage using fake identification at 7-11 prior to the accident, which he drank at a house party in Attica, New York where Baillie Schwab resides. Dkt. #75, ¶ ¶ 4 & 6 & pp.23 & 30. Richard Sawicki is currently serving a 6-20 year sentence of incarceration for aggravated vehicular homicide. https://nysdoccslookup.ny.gov.

On May 30, 2024, defendant 7-Eleven, Inc. ("7-Eleven"), served its First Set of Requests for Admission ("Requests for Admission"), upon defendant Baillie Schwab,[2] *via* First Class and Certified Mail. Dkt. #114-1, ¶ 3 & Dkt. #114-2, p.8. Ms. Schwab did not respond to the Requests for Admission. Dkt. #114-1, ¶ 5.

---

[2] Although Baillie Schwab has not filed an Answer, on February 5, 2021, she signed a consent to the removal of this action from the Superior Court of New Jersey to the United States District Court of New Jersey. Dkt. #1-12, p.4. The action was subsequently transferred to this Court. Dkt. #36.

Currently before the Court is 7-Eleven, Inc.'s motion to deem the Requests for Admission admitted. Dkt. #114-1. 7-Eleven filed a Certification of Service of the motion upon Baillie Schwab, *via* First Class and Certified Mail. Dkt. #114-5, p.2.

The Court directed the Clerk's Office to mail a copy of the Text Order scheduling the motion to Baillie Schwab. Dkt. #115. The Text Order was not returned to the Court. Ms. Schwab did not respond to the motion.

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that

> A party may serve on another party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Pursuant to Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 is "conclusively established" unless the Court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b).

While the Court recognizes that parties proceeding without counsel should be afforded reasonable allowances to protect them "from inadvertent forfeiture of important rights because of their lack of legal training," they are nonetheless "required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008); *See United States v. Veeraswamy,*

3

347 F.R.D. 591, 600 (E.D.N.Y. 2024) ("it is well-settled that the pro se status of a non-compliant litigant does not relieve her of any discovery obligations.") (internal quotation omitted); *Priority Records LLC v. Biggers*, 06 Civ. 3076, 2008 WL 11513363, at *2 (S.D.N.Y. Jan. 25, 2008) ("The fact that Defendant is proceeding *pro se* does not excuse her from her Rule 36 obligations."). In the instant case, the Requests for Admission clearly instruct Ms. Schwab that, *inter alia*, she was "required to respond to these Requests within thirty (30) days from the date of receipt." Dkt. #114-2, p.3.

Moreover, 7-Eleven provided an Affidavit of Service by Mail for the Notice to Admit (Dkt. #114-2, p.8), and declares that the Notice to Admit was also sent to Ms. Schwab by Certified Mail. Dkt. #114, ¶ 3. 7-Eleven also provided a Certification of Service of this motion upon Baillie Schwab, *via* First Class and Certified Mail (Dkt. #114-5, p.2), and this Court mailed Ms. Schwab a Text Order scheduling the motion. Dkt. #115. Mailing a letter creates a presumption that the addressee received it. *Coach, Inc. v. Horizon Trading USA Inc*., 908 F. Supp.2d 426, 432 (S.D.N.Y. 2012); *See MS Elmsford Snack Mart, Inc. v. Weil*, 2018 WL 1281829, at *6 (S.D.N.Y. March 5, 2018) ("It is well settled that mailing a [Request for Admission] creates a presumption that the addressee received it.").

Having reviewed the Requests for Admission, the Court is satisfied that they are proper. *See Veeraswamy,* 347 F.R.D. at 599 ("Each request for admissions must be direct, simple, and limited to singular relevant facts.") (internal quotation omitted); *Henry v. Champlain Enters., Inc*., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) ("the

4

requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification."). Therefore, because Baillie Schwab is presumed to have received the Requests for Admission but has failed to respond to them, "the matters of fact contained in the requests for admission are deemed admitted." *Coach*, 908 F. Supp.2d at 432.

**SO ORDERED.**

DATED: Buffalo, New York
April 8, 2025

                                *s/ H. Kenneth Schroeder, Jr.*
                                **H. KENNETH SCHROEDER, JR.**
                                **United States Magistrate Judge**